## SIMPSON and others *v.* SCHELL.

*(Circuit Court, S. D. New York.   November 17, 1882.)*

RECOVERY OF DUTIES PAID BY THIRD PARTIES.

>  Where merchandise is withdrawn upon the written authorization of the importer, by third parties who pay the duties thereon, in an action by the importer against the collector of the port to recover duties illegally exacted, the duties thus paid may be recovered upon the assumption that they were paid in behalf of the importer.

*A. W. Griswold*, for plaintiff.

*S. L. Woodford*, for defendant.

WALLACE, C. J.   The plaintiffs, upon the importation of merchandise, entered the same for warehouse and executed the usual bond.   The merchandise was withdrawn upon the written authorization of the plaintiffs by third persons, the latter paying the duties.   In a suit against the defendant as collector of the port, to recover duties illegally exacted, the referee allowed the plaintiffs the duties which were paid by the persons who withdrew the merchandise.   Exceptions to the rulings of the referee having been filed, the question now is whether the plaintiffs can recover the duties thus paid.

The theory of the plaintiffs, which was adopted by the referee, is that the persons who withdrew the merchandise under the authorization of the plaintiffs were the plaintiffs' agents, and therefore the duties paid by them were in law paid by the plaintiffs.   That the persons who were thus authorized to withdraw the merchandise were the agents of the plaintiffs, so far as to make the plaintiffs responsible for the act of withdrawal and any liabilities springing therefrom, to the same extent as though the plaintiffs had acted in person, is undoubtedly true; but it does not follow that the relation of principal and agent existed as between themselves.   If the duties were paid for the plaintiffs, or if by the agreement between the parties the payment, though not made with their moneys, would ultimately fall upon the plaintiffs, then they would be regarded as the principals.

But the question here is simply as to the burden of proof.   The case was argued as though the persons who withdrew the goods had purchased them from the plaintiffs and had agreed to pay the duties themselves; but the case does not disclose any evidence or offer to prove such a state of facts.   As the plaintiffs were the owners of the merchandise, and the parties primarily responsible for the payment of the duties, it is a reasonable presumption of fact that the persons

who were authorized by them to withdraw the goods and pay the duties which were required to be paid upon withdrawal, were acting in their behalf in the whole transaction. The case is quite similar to *Greenleaf* v. *Schell*, 6 Blatchf. 227, where the verdict, the reference to ascertain the amount due, and the question raised before the referee were substantially the same as here.

The exceptions are overruled.